FULTS v. WATERMAN LUMBER CO.
(No. 2149.)

(Court of Civil Appeals of Texas. Texarkana.
Oct. 30, 1919.)

1. MASTER AND SERVANT ⬪297(2)—SPECIAL FINDING OF NO NEGLIGENCE NOT OVERTHROWN BY FINDING OF DAMAGES.

A finding by the jury that defendant employer was not guilty of negligence is not overthrown by a finding as to the extent of the injured employé's damages; the latter finding being mere surplusage.

2. MASTER AND SERVANT ⬪278(3)—EVIDENCE INSUFFICIENT TO SHOW NEGLIGENCE OF MILL OWNER.

In a suit by a planing mill employé, who slipped and fell into a moving belt, evidence held to warrant the jury's finding that, though there were both grease and shavings on the floor near the belt, that the master was not negligent.

3. APPEAL AND ERROR ⬪1170(10)—ERRONEOUS SUBMISSION OF ISSUE HARMLESS IN VIEW OF VERDICT.

Where the master was not guilty of negligence, the erroneous submission of the issue of an assumption of risk was harmless, under court rule 62a (149 S. W. x).

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by James Fults against the Waterman Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The appellant sued the appellee to recover damages for personal injuries. The appellee operates a sawmill and planing plant at Blocker, Texas. There are five planing machines in the plant, situated on an elevated floor 80 by 70 feet in size and 10 feet from the ground. These machines are propelled by means of belts over pulleys attached to the line shaft connected to the engine underneath the floor. The belts were about 12 inches wide, and the pulleys on the planing machines were between 12 and 14 inches from the floor. There was an idler, or "tightener," located under the floor, to keep the bands tight that ran around the pulleys. On the morning of August 17, 1917, the belt driving one of the planing machines suddenly began to slip from side to side on the pulley and rub against the floor, causing injury to the belt. The appellant, seeing the injury to the belt, got a bar of soap from the cupboard a few feet from him, and began to apply the soap to the belt for the purpose of causing it to right itself on the pulley. In order to apply the soap to the belt, the appellant had to assume a stooping position. After he had sufficiently soaped the belt, and while rising from his stooping position, the appellant slipped and fell, and his arm was thrown in-

to the moving belt and suffered permanent injury. Appellant had been working at the planing plant for several years as a lumber grader and trucker. When he was injured he was not performing this character of work, but about two or three days before the injury had been directed by the superintendent of the appellee to take the place of the regular machinist, who was temporarily absent for several days. According to the appellant, he slipped by reason of "grease and shavings and things around there on the floor."

The negligence alleged is failure to use ordinary care to furnish a reasonably safe place in which to do the work required of appellant and failure to keep the floor free from oil and grease. The appellee pleaded denial, contributory negligence, and compromise and settlement. The case was submitted to the jury on special issues, and they answered that: (1) The Waterman Lumber Company did not pay any part of the consideration recited in the release in evidence; and (2) the floor upon which the plaintiff was working was covered with grease to an extent that rendered it slippery and unsafe; and (3) the slippery condition of the floor was the proximate cause of the injury; but (4) the Waterman Lumber Company exercised ordinary care to keep the floor free from grease and in a reasonably safe condition to do work thereon; and (5) that the plaintiff either knew or could have known of the greasy condition of the floor; but (6) the plaintiff did not through negligence on his part cause or contribute to cause his injury, and he was not negligent in the way and while he soaped the belt; and (7) that the plaintiff suffered damages to the amount of $5,000. The court entered judgment in favor of the defendant company. The evidence, it is concluded, sustains the findings of the jury.

F. M. Scott and G. L. Huffman, both of Marshall, for appellant.

Prendergast & Prendergast, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant insists that the answers of the jury to special issues Nos. 9 and 4 are contradictory, and do not support the judgment entered for the defendant. In the ninth question the jury were asked to state the amount that plaintiff had been damaged as the result of his injuries "on account of the defendant's negligence, if any." The jury answered, "Five thousand dollars." The jury made the express and affirmative finding in the fourth question that the lumber company was not guilty of negligence causing the injury; and in the other findings of the jury, taken as a whole, it appeared that the jury meant to say that the injury to the plaintiff

was the proximate result of the greasy floor, but that no fault or negligence was chargeable in the occurrence either to the plaintiff or to the defendant company, and in the light of these findings it reasonably appears that the trial court regarded the ninth finding as unnecessary and merely as a surplusage, finding that the plaintiff was damaged in the sum mentioned. We do not feel authorized on appeal to say that the court erred, and therefore the first, second, third, and fourth assignments of error are overruled.

[2] The fifth assignment predicates error on the part of the court in refusing to set aside the answer of the jury to question No. 4 because it was a finding contrary to the evidence. The plaintiff testified that the greasy condition of the floor caused him to slip and fall, and that where he fell there was some fresh oil and some old oil on the floor, and that the floor looked dingy with grease and was covered over with dust and shavings. In the operation of the planing machines the iron bearings had to be oiled. The shavings came from the lumber being dressed. According to the plaintiff, it was the night watchman's duty to do the cleaning up, and "they are supposed to clean all shavings and the platform every night." The jury were authorized to consider all the facts and circumstances in evidence, and it was in their province to decide whether or not the defendant exercised ordinary care respecting the safety of the platform for the work required to be done thereon. We do not feel authorized to say, as a matter of law, that there was no evidence to warrant the jury finding, and the assignment is overruled.

[3] The sixth assignment of error is based on submitting question No. 8 pertaining to assumed risk. If, as found by the jury in question No. 4, the defendant was not guilty of negligence, then any finding as to assumed risk would be entirely immaterial. The error, it is thought, should be held a harmless one, in view of the record. Rule 62a (149 S. W. x).

The judgment is affirmed.